## SUPREME COURT.

GEORGE B. GRINNELL agt. WALTER S. CHURCH and others.

*Pleadings — Complaint — Answer — Sufficiency of answer.*

The complaint was for the foreclosure of a mortgage charged with a bond accompanying the same to have been executed for a good consideration by defendant to plaintiff and delivered to him, it did not aver that plaintiff was the owner and holder of such bond and mort. gage. The answer contained no general denial, but, first, a denial that plaintiff was the owner and holder of the bond and mortgage, and second, an averment on information and belief that plaintiff was not the real party in interest :

*Held, first,* that the denial contained in the answer that the plaintiff is not the owner and holder of the bond and mortgage is bad, because it is a denial of no averment of the complaint. It therefore makes no issue for trial. If the facts averred give no cause of action, the defendant must demur, or by alleging and stating new facts making a defense, he can on the trial test the sufficiency of the complaint by motion. But he cannot, by a denial of an unaverred fact, make an issue.

*Second.* As the complaint alleges the making and delivery of the bond and mortgage by the defendant to the plaintiff, the second allegation of the answer simply charging that the plaintiff is not the real party in interest is bad, because the answer, by not denying admits such allegation of the complaint, and avers no new fact, which, if true, avoids the effect of the admission.

*Ulster Special Term, July,* 1883.

MOTION by plaintiff for judgment on account of the alleged frivolousness of this answer. The complaint was for the foreclosure of a mortgage charged (with a bond accompanying the same) to have been executed for a good consideration by the defendant Church to the plaintiff, and delivered to him. It did not aver that the plaintiff was the owner and holder of such bond and mortgage.

The answer contained no general denial, but it contained, first, a denial that the plaintiff was the owner and holder of the bond and mortgage, and, second, an averment on informa-

tion and belief that the plaintiff was not the real party in interest.

*Marcus T. Hun*, for plaintiff and motion.

*Eugene Burlingame*, for defendant and opposed.

WESTBROOK, *J.* — This motion only presents questions upon the legal sufficiency of the answer, and as to those the affidavit for a postponement of the motion has no relevancy.

*First.* The denial contained in the answer, that the plaintiff is not the owner and holder of the bond and mortgage is bad, because it is a denial of no averment of the complaint. It therefore makes no issue for trial. If the facts averred give no cause of action, the defendant must demur; or by alleging and stating new facts making a defense, he can on the trial test the sufficiency of the complaint by motion. But he cannot, by a denial of an unaverred fact, make an issue.

*Second.* As the complaint alleges the making and delivery of the bond and mortgage by the defendant to the plaintiff, the second allegation of the answer of the defendant simply charging that the plaintiff is not the real party in interest is bad, because, the answer by not denying admits such allegations of the complaint, and avers no new fact, which, if true, avoids the effect of the admission.

For these reasons the motion of the plaintiff must be granted, with ten dollars costs. As, however, the affidavit of the defendant shows that there may possibly be a defense, the order must provide that the defendant may, on the payment of ten dollars costs, in twenty days after the service of the order on this motion, serve an amended answer.